# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GERARD A. CRUZ, | Case No. DM0554-14 |
| Plaintiff, | |
| vs. | DECISION AND ORDER ON PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND CONTEMPT AND MOTION TO ENFORCE DECREE |
| CARMELITA C. CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 23 and October 24, 2017 for a hearing upon Plaintiff Gerard A. Cruz's ("Plaintiff") Motion for Order to Show Cause and Contempt and Motion to Enforce Decree. Attorney Leonardo M. Rapadas represents Plaintiff and Attorney Joaquin C. Arriola, Jr. represents Defendant Carmelita C. Cruz ("Defendant"). Having considered the parties' arguments, evidence presented to the Court, and the applicable law, the Court now issues its Decision and Order and DENIES the Motion for Order to Show Cause and Contempt and GRANTS the Motion to Enforce Decree.

## BACKGROUND

The action arises from a divorce complaint filed on September 25, 2014. The parties eventually settled their divorce and appeared before the Court on September 14, 2015 announcing the terms of an agreement regarding the distribution of the community assets, community debts and obligations, and spousal support. Thereafter, the parties executed a Stipulated Interlocutory Decree for Divorce ("Interlocutory Decree"), which was subsequently

approved by the Court on November 24, 2015. (Stipulated Interlocutory Decree for Divorce, Nov. 24, 2015 ("[t]he Parties, having reached a full and complete agreement resolving all the issues arising out of the action for the divorce filed herein, and having incorporated all the agreed upon terms and conditions into the Stipulated Interlocutory Decree set forth herein. . .").) The Interlocutory Decree, which memorializes the terms of the settlement reached by the parties, granted a divorce on grounds of adultery. (Id.) A Final Judgment and Decree for Divorce was issued the same day, incorporating the Interlocutory Decree. (Final Judgment and Decree for Divorce, Nov. 24, 2015.)

The Interlocutory Decree is comprised of three sections: community property, community debts and obligations, and spousal support. (Stip. Interlocutory Decree for Divorce, Nov. 24, 2015.) Pursuant to the first section of the Interlocutory Decree, the parties agreed as follows with respect to the marital home:

> Marital Family Residence: As to the marital house in Chalan Pago, the parties will list that for sale and attempt to engage a sale of that house for no less than $100,000.00 more than the balance of the current mortgages on the sale. In the event the house is sold, Defendant will obtain all equity after the sale.

(Id. at 3.) Due to disagreements as to the list price for the marital home, the Court intervened and ordered that the parties "list the marital home for sale at $574,000.00, or at any other higher price mutually agreed to by the parties." (Decision and Order at 7, Mar. 15, 2017.)

On June 26, 2017, Plaintiff filed a Motion for Order to Show Cause and Contempt and Motion to Enforce Decree. Defendant filed her opposition to Plaintiff's motions on August 2, 2017, which Plaintiff replied to on August 18, 2017. The Court heard oral arguments on Plaintiff's motions on October 23 and October 24, 2017 and subsequently took the matter under advisement.

## DISCUSSION

### I. Motion for Order to Show Cause and Contempt

As an initial matter, the Court notes that Defendant has appeared before the Court to show cause as to why she should not be held in contempt for failing to comply with the Court's

orders and the requirements of the Interlocutory Decree. Accordingly, the Court is left to decide whether Plaintiff should be held in contempt. To establish contempt, Plaintiff must show by clear and convincing evidence that there is: (1) a valid order; (2) Defendant had knowledge of the order; (3) an ability to comply with the order; and (4) a willful failure by Defendant to comply with the order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15 (citations omitted).

Plaintiff argues in his motion that Defendant should be held in contempt for her failure to list the marital home as required in the Interlocutory Decree, which provides that "the parties will list [the marital residence] for sale and attempt to engage a sale of that house for no less than $100,000.00 more than the balance of the current mortgages on the sale..." (Stip. Interlocutory Decree for Divorce at 3, Nov. 24, 2015.) In furtherance of this argument, Plaintiff provided testimony and evidence of the numerous instances he provided the Defendant with proposed residential listing agreements that, if jointly executed, would allow the marital home to be listed and shown to prospective buyers. (Test. of Pl. at 10:45 a.m. – 10:57 a.m., Oct. 24, 2017; Mot. Hrg. Ex. 1 (Residential Listing Agreement dated Dec. 2, 2015 - June 2, 2016); Mot. Hrg. Ex. 2 (Residential Listing Agreement dated May 20, 2016 - Nov. 20, 2016).)

Defendant's inaction on these listing agreements, however, cannot be said to have demonstrated a willful failure to comply with the requirements of the Interlocutory Decree as the parties could not mutually agree to a listing price for the marital home, among other things.[1] (Test. of Def. at 2:37 p.m. – 2:44 p.m., Oct. 23, 2017.) Without a mutual agreement as to the price, both parties were essentially prevented from executing a residential listing agreement with a real estate agency and thereafter selling the marital home. Due to this disagreement, the Court intervened and ordered that the parties "list the marital home for sale at $574,000.00, or at any other higher price mutually agreed to by the parties." (Decision and Order at 7, Mar. 15, 2017.)

---

[1] The disagreement as to the listing price of the marital home resulted in Defendant filing a Motion to Enforce Decrees on September 1, 2016. A declaration in support of the motion included a residential listing agreement submitted by Defendant attempting to list the home at $599,000. (Decl. of Def. at Ex. A, Sep. 1, 2016.) This demonstrates that Defendant did not willfully fail to comply with the requirements of the Interlocutory Decree before the Court ordered a list price in March 2017.

Furthermore, the Court never ordered or required that Defendant sign any of the residential listing agreements offered by Plaintiff, including the agreement he executed after the Court determined the list price of the marital home in its March 2017 decision. (Mot. Hrg. Ex. 3 (Residential Listing Agreement dated Mar. 29, 2017 – September 29, 2017).) The only requirements per the Interlocutory Decree and the Court's March 2017 decision are that the parties list the marital home for sale at $574,000.00 and attempt to engage a sale of that house for no less than $100,000.00 more than the balance of the current mortgages on the sale. Defendant complied with these orders by engaging with a real estate agency of her choosing and executing a listing agreement with a price consistent with the amount ordered by the Court. (Mot. Hrg. Ex. A (Residential Listing Agreement dated June 30, 2017 – Dec. 31, 2017).) As there was no explicit order that the parties sign a particular listing agreement, Defendant cannot be held in contempt for failing to sign the most recent residential listing agreement offered by Plaintiff. (Mot. Hrg. Ex. 3 (Residential Listing Agreement dated Mar. 29, 2017 – September 29, 2017).)

## II. Motion to Enforce Decree

In addition to requesting that Defendant be held in contempt, Plaintiff seeks to enforce a provision of the Interlocutory Decree relating to the sale of the marital home. The provision, in its entirety, states as follows:

> Marital Family Residence: As to the marital house in Chalan Pago, the parties will list that for sale and attempt to engage a sale of that house for no less than $100,000.00 more than the balance of the current mortgages on the sale. In the event the house is sold, Defendant will obtain all equity after the sale.

(Stipulated Interlocutory Decree for Divorce at 3, Nov. 24, 2015.)

Under Guam law, the Court applies contract principles to the interpretation of settlement agreements such as the aforementioned provision in the Interlocutory Decree. See Blas v. Cruz, 2009 Guam 12 ¶ 11 (citing Leon Guerero v. Moylan, 2000 Guam 28 ¶¶ 8-9, Camacho v. Camacho, 1997 Guam 5 ¶¶ 30-35.) Furthermore, the language of the settlement agreement is to govern its interpretation if it is clear and explicit. 18 G.C.A. § 87104. See also 18 G.C.A. §

87105 ("[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone").

Based on these principles, the clear and explicit provisions of the Interlocutory Decree, and the Court's order that the marital home be listed at $574,000.00, the Court believes it is necessary that additional pronouncements be made so as to carry out the intentions of the parties. The Court therefore orders that Defendant sign a residential listing agreement proffered by Plaintiff therein listing the home with Ideal Realty.[2] Such an arrangement is not only more economical than the parties signing multiple listing agreements, but it would also allow for a more expeditious sale of the home given Plaintiff's financial motivation to sell.[3] Moreover, the Court is concerned that Defendant's reluctance to sell the home, as she explained in her own testimony, may result in the sale being thwarted or unnecessarily protracted.[4] This is not what the parties contemplated in their Interlocutory Decree, which specifically required the parties to list the home for sale, attempt to engage in the sale of home, and then to eventually sell the home at a price that is within certain proscribed limits. As already explained by this Court, the price set in the March 2017 decision satisfies the requirement that the home be sold "for no less than $100,000.00 more than the balance of the current mortgages on the sale." Having already determined the price, the parties must now list the home for sale by executing a residential listing agreement.

## CONCLUSION

For the reason set forth above, the Court DENIES Plaintiff's Motion for Order to Show Cause and Contempt and GRANTS the Motion to Enforce Decree. Accordingly, the Court ORDERS that Defendant sign Plaintiff's listing agreement, which lists the house for sale at

---

[2] Apart from her general distrust for Plaintiff, Defendant has given no sufficient basis to object to Plaintiff's real estate agent except for the difference in the price of commission. Plaintiff, however, provided testimony as to the qualifications of his agent and stated that he would be able to negotiate a lower commission price. (Test. of Pl. at 11:00 a.m. -11:05 a.m., 11:11 a.m. – 11:13 a.m., Oct. 24, 2017.)

[3] Plaintiff is solely responsible for paying the monthly mortgage of the marital home where Defendant resides. (Test. of Pl. at 11:05 a.m. -11:07 a.m. Oct. 24, 2017.)

[4] When Defendant was asked if she would rather stay in the marital home as long as possible, she replied as follows: "That's correct, because that's where we live, that's where my daughter and I live, and that's where Gerard had told us, told me, that he would take care of us, prior to the divorce, he would take care of us, and we would live in that house for as long as we wanted". (Test. of Pl. at 10:25 a.m. – 10:27 a.m., Oct. 24, 2017.)

$574,000.00 – the amount previously ordered by the Court – provided that Plaintiff is able to negotiate a lower commission with Ideal Realty of five (5) percent and that corrections to the listing period and property address are made within the agreement. The Court further warns that it will not tolerate any parties' attempts to unreasonably obstruct or interfere with the sale of the marital home as contemplated in the Interlocutory Decree.

**IT IS SO ORDERED** on this 22nd day of January, 2018.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT bOX

I acknowledge that a copy    the
original here. was   placed in the
court box of:

L. m. Rapadas
J c. Omido Q

Date: 1/22/18 Time: 4:50 r

Deputy Clerk, Superior Court of Guam